IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re MANNATECH, INC. SECURITIES LITIGATION | Master File No. Civ. 05-829 JP/RLP CLASS ACTION |

_____

This Document Relates to:  All Cases

### MEMORANDUM OPINION AND ORDER

Defendants Mannatech, Inc., Samuel L. Caster, Terry L. Persinger, and Stephen D. Fenstermacher (hereafter "Defendants") filed a Motion To Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. No. 21).  After carefully reviewing the pleadings, the exhibits, the arguments of counsel, and the relevant caselaw, the Court concludes that these three consolidated cases[1] should be transferred to the United States District Court, Northern District of Texas, Dallas Division.

**Background**

These securities fraud cases are brought by shareholders or former shareholders under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934.  The three cases are putative class actions that were consolidated by Order of Consolidation filed December 12, 2005 (Doc. No. 15).  The complaints allege that Defendants engaged in a fraudulent scheme to inaccurately portray and otherwise falsify the company's financial results and demand for its products.  They assert a "fraud-on-the-market" theory, alleging that the market for Mannatech common stock was open, well-developed,

---

[1] The three cases are:  <u>JONATHAN CROWELL, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC. and SAMUEL L. CASTER, Defendants</u>, No. CV 05-0829 JP/RLP; <u>RICHARD McMURRY, on Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC., SAMUEL L. CASTER, TERRY L. PERSINGER and STEPHEN D. FENSTERMACHER, Defendants</u>, No. CV 05-0924 JP/RLP; and <u>MICHAEL BRUCE ZELLER, on Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC., SAMUEL L. CASTER, STEPHEN D. FENSTERMACHER and TERRY L. PERSINGER, Defendants</u>, No. CV 05-0975 JP/RLP.

and efficient, and that all purchasers of Mannatech's common stock suffered similar injury because of false information publicly available to the stock market in general.

Defendant Mannatech, Inc. develops and markets nutritional supplements, topical products, and weight-management products that contain "glyconutrients." A majority of these products are considered dietary supplements that are regulated by the Federal Food, Drug and Cosmetic Act and the Dietary Supplement Health and Education Act of 1994. Mannatech's products are sold primarily through a network-marketing system described as "multilevel marketing." The system utilizes independent sales associates and members to sell products, and those associates in turn recruit other sales associates. The sales associates earn income both from their own sales of Mannatech products, and from the sales of those associates whom they recruited. Many of the associates maintain their own websites from which they offer Mannatech products for sale.

Plaintiffs allege that some of the associates' websites prominently display misleading testimonials and/or falsely suggest that Mannatech products are effective in the treatment and prevention of specific diseases including cancer, diabetes, and multiple sclerosis. Plaintiffs also allege that by failing to adequately supervise and monitor the conduct of its associates, Defendants are responsible for the false and misleading claims made on the associates' websites. Plaintiffs allege that as a result of the false and misleading statements concerning the efficacy and health benefits of Mannatech's products, Mannatech's stock price traded at inflated levels because statements in Mannatech's filings with the SEC and the Nasdaq exchange with respect to Mannatech's operations, performance, and prospects lacked any reasonable basis.

Plaintiffs claim that the price of Mannatech's publicly-traded stock was adversely affected after publication of an article in *Barron's* that questioned Mannatech's marketing tactics, discussed the background of its founder, Defendant Samuel L. Caster, and revealed the misleading nature of the claims made on certain Mannatech associates' websites. This news "shocked the market, causing the price of Mannatech shares to plummet . . .." Compl. in CV 05-829 ¶ 5 at 4.

**Discussion**

A court may transfer venue to another district or division where the action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice . . .." 28 U.S.C. § 1404(a). The purpose of the transfer of venue statute is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). The transfer statute is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

In making its determination whether to grant or deny a motion to transfer, a court should examine the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit, 928 F.2d at 1516; Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967).

Defendants contend that the action has no relationship to New Mexico.  Defendants present the following facts in support of their motion to transfer venue.  Mannatech is a Texas corporation with its corporate office and principal place of business in Coppell, Dallas County, Texas.  The research and development of the healthcare products, as well as development of the sales and marketing information, all occur primarily in the company's corporate office in Dallas County, Texas.  Dallas County is located within the Northern District of Texas.  The three individual Defendants are Texas residents.

The company employs approximately 490,000 individual associates as independent sales representatives who sell directly to consumers in ten countries and all over the United States.  Although between 2,500 and 4,200 of the 490,000 associates reside in New Mexico, over 34,000 associates reside in Texas.

Most of the material witnesses are located in Texas, and most of the documentary evidence is located in Texas.  None of the current lead Plaintiffs is a New Mexico resident.[2]  Lead Counsel has no connection to New Mexico, and in fact maintains a law office in Texas.  Finally, there are two pending shareholder derivative actions in the Northern District of Texas, Dallas Division, as well as one pending in state court in Dallas County, Texas, all of which involve the same or similar factual allegations at issue in this case.

---

[2] Although Jonathan Crowell, the original lead plaintiff in CV 05-829 is a New Mexico resident, he has since withdrawn from the case.

*Plaintiff's choice of forum.*  There is a strong preference for honoring a plaintiff's choice of forum, *see* Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992), and it is the movant's burden to establish that the balance of relevant factors favors transfer.  Id.  The Securities Exchange Act provides plaintiffs in securities fraud cases with very liberal forum selection choices.  *See* 15 U.S.C. § 78aa.  It is undisputed that venue is proper in New Mexico.

*Accessibility of witnesses and other sources of proof.*  This factor strongly favors transfer.  Not only do the three named individual Defendants reside in the Dallas, Texas area, but Defendants have also identified numerous potential non-party witnesses who are former and present employees of Mannatech, all of whom reside in the Dallas area.  Aff. Persinger, Def. Ex. B ¶¶ 13, 14, 15 at 3-7 (identifying 14 potential witnesses).  A trial in New Mexico would be more inconvenient for these non-party witnesses than a trial in Texas, and a trial in New Mexico would also be more costly for Mannatech because the travel time of those who are current employees would mean more time away from their work duties at the company.  These witnesses would be outside the subpoena power of this Court, as they reside outside the District of New Mexico and more than 100 miles from the District courthouse.  Fed. R. Civ. P. 45(b)(2) and 45(c)(3)(A)(ii).  Those who are former employees might have little incentive to appear for trial voluntarily, and Mannatech's inability to compel their attendance at trial could prejudice its case as the testimony of these witnesses would have to be presented by deposition.

Most of the company's documents are also located in Texas.  Although a minor burden compared to the witness inconvenience factor, transporting the documents to New Mexico would be an added expense for Mannatech.

Plaintiffs argue that the crux of this case is the allegedly fraudulent information disseminated by Defendants across the nation into and including the District of New Mexico. Thus, the place of the alleged wrong extends beyond the Northern District of Texas and into New Mexico because Mannatech conducts substantial business in New Mexico through meetings in the New Mexico cities of Carlsbad and Alamogordo. Also, Plaintiffs contend that telephone conference calls were available for New Mexico associates. Plaintiffs allege that tens of thousands of investors fell prey to Defendants' conduct all over the country, and that class members very likely reside in every single state, including in New Mexico.

Plaintiffs acknowledge that the availability of third-party witnesses can be a factor warranting transfer, but they contend that Defendants failed to describe the specific substance of testimony for the non-party witnesses they identified. The Court finds that the descriptions of the general substance of the knowledge of each of the possible witnesses identified in the Persinger Affidavit, Def. Ex. B, are of sufficient specificity to enable the Court to weigh the convenience of the witnesses factor.

This is not a situation in which transfer would simply shift inconvenience from one side to the other. Plaintiffs have not identified any witness inconvenience issues that would disfavor having a trial in Texas. Plaintiffs do not allege that any New Mexico sales associate made illegal claims about Mannatech products, that any New Mexico associate hosted a website making illegal claims, or that any New Mexico associate made an illegal testimonial.

Additionally, in a fraud-on-the-market case, plaintiffs do not have to prove the element of reliance by individual investors, and so whatever any individual class member knew or heard would be immaterial. *See* Grossman v. Novell, Inc., 120 F.3d 1112, 1118 (10th Cir. 1997) (noting that under a

6

fraud-on-the-market theory, an investor's reliance is presumed). The focus in a securities class action is on the conduct of the defendants, not that of the alleged recipients of any material misrepresentations (especially in a fraud-on-the-market case), id., and thus the materiality of the testimony of any sales associate is slight.

*Other considerations.* The allegations against Defendants in these putative securities class actions are materially similar to the three shareholder derivative lawsuits pending in Texas, two of which were filed in federal court in the Northern District of Texas. Maintaining this lawsuit in New Mexico, while simultaneously maintaining substantially related actions in Texas, would very likely result in duplicative discovery and unnecessary expense to Defendants. Transfer to the Northern District of Texas would allow Defendants to coordinate discovery, and would avoid subjecting them to inconsistent obligations in multiple courts. The convenience of Defendants therefore clearly weighs in favor of transfer. Transfer would also promote judicial economy.

Plaintiffs argue that the existence of three shareholder derivative lawsuits in Dallas, Texas is not a valid factor because the state case has been stayed, and Defendants have filed a motion to stay one of the two federal cases and to consolidate the two federal cases. Thus, Plaintiffs contend that Defendants are simply shopping for a more hospitable forum or, at the very least, attempting to delay the prosecution of this action. They allege that in Texas, Defendants "hope to derive a home-court advantage." Pl. Resp. at 15. The stays in the Texas cases are issued under the authority of a Texas statute that allows review by a Special Litigation Committee, Tex. Bus. Org. Code § 21.555(a). Even though this statute may favor corporations, and Texas may otherwise be a more favorable forum for Defendants, that does not override the convenience of witnesses and judicial economy factors that

7

weigh strongly in favor of transfer.

Defendants, the non-party witnesses, the documents, and related litigation are all located in the proposed transferee forum.  No significant action has taken place in this case, and transfer would permit coordination with the related shareholder derivative lawsuits in the Northern District of Texas.

**Conclusion**

Defendants have met their substantial burden under 28 U.S.C. § 1404(a) of showing that these consolidated cases should be transferred to the United States District Court, Northern District of Texas.

THEREFORE IT IS ORDERED that Defendants' Motion To Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. No. 21) is hereby GRANTED.

IT IS FURTHER ORDERED that these three consolidated cases (<u>JONATHAN CROWELL, Individually and On Behalf of All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC. and SAMUEL L. CASTER, Defendants</u>, No. CV 05-0829 JP/RLP; <u>RICHARD McMURRY, on Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC., SAMUEL L. CASTER, TERRY L. PERSINGER and STEPHEN D. FENSTERMACHER, Defendants</u>, No. CV 05-0924 JP/RLP; and <u>MICHAEL BRUCE ZELLER, on Behalf of Himself and All Others Similarly Situated, Plaintiff, vs. MANNATECH, INC., SAMUEL L. CASTER, STEPHEN D. FENSTERMACHER and TERRY L. PERSINGER, Defendants</u>, No. CV 05-0975 JP/RLP) are hereby transferred to the United States District Court, Northern District of Texas, Dallas Division.

_____
SENIOR UNITED STATES DISTRICT JUDGE